# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11-cv-147 | **DATE** | 3/17/11 |
| **CASE TITLE** | United States v. Armando Garza (#19055-424) | | |

**DOCKET ENTRY TEXT**

Petitioner's *Amended Motion to Vacate, Set Aside, or Correct Sentence* [7] is denied. See statement below.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On October 2, 2007, a jury found Petitioner, Armando Garza, guilty of conspiracy to kidnap, pursuant to 18 U.S.C. § 1201(a)(1) and (c); attempted kidnapping, pursuant to 18 U.S.C. § 1201(a)(1) and (d); and conspiracy to retaliate against a witness, pursuant to 18 U.S.C. § 1513(e). On December 4, 2008, Garza was sentenced to concurrent terms of 120 and 121 months' imprisonment and a period of supervised release. He did not file a direct appeal.

On January 10, 2011, Garza filed a *Motion to Vacate, Set Aside, or Correct Sentence*. On January 31, 2011, the motion was stricken for failure to use the form required by Local Rule 83.3(a). Garza was given thirty days to file an amended motion using the required form.

On February 17, 2011, Garza filed an amended motion. He identifies only one ground for his claim that he is being held unlawfully:

> Movant should receive same relief as his co-defendant see United States v. Saul Alejander Sanchez, No. 08-2679 (7th Cir. August 11, 2010).
>
> The Seventh Circuit in the above-mentioned case reversed Count III which alledged [sic] a violation of 18 USC § 1513(e). It is believed that co-defendant Sanchez will be resentenced on or about January 18, 2011. Mavant [sic] seeks the same relief grantd [sic] to co-defendant Sanchez which is resentencing.

*See* Docket No. 7 ¶¶ 14.A-B.

Garza's codefendant did, indeed, appeal; and the Seventh Circuit did, indeed, reverse his conviction on Count III after finding that the evidence presented at trial was insufficient to support a verdict that Defendant Sanchez's kidnapping motive was one of retaliation. *See United States v. Sanchez*, 615 F.3d 836, 845 (7th Cir. 2010). Garza, however, did not join in his codefendant's appeal.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a judge receiving a motion under 28 U.S.C. § 2255 must conduct a preliminary review and, "[i]f it

STATEMENT

plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of Garza's motion shows that it must be dismissed.

First, the fact that an appellate court determined that evidence at trial was insufficient to support a conviction against a codefendant does not provide grounds for Garza to attack his sentence under § 2255. A prisoner may move to vacate or correct a sentence by "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Garza does not claim any such grounds, and a review of the Seventh Circuit's *Sanchez* opinion reveals that Sanchez's conviction and sentence were not reversed on any such grounds.

Second, Garza's motion is untimely. A motion brought pursuant to § 2255 must be brought within one year of the date on which the judgment became final, the date on which a government-created impediment to making such a motion is removed, the date on which the right asserted was first recognized by a Supreme Court, or the date on which the facts supporting the claim could have been discovered through the exercise of due diligence, whichever is latest. 28 U.S.C. § 2255(f). Garza was sentenced on December 4, 2008. He did not appeal. That judgment of conviction became final well over a year before Garza filed the instant motion. Garza does not claim any government-created impediment, Supreme Court decision, or latent facts that would support a different limitations period. Instead, he states only that he "believes he has equitable tolling to seek relief until August 11, 2011," i.e., one year after the Seventh Circuit decided *Sanchez*. *See* Docket No. 7 ¶ 15.

Equitable tolling is available when "extraordinary circumstances" outside of a defendant's control prevent him from filing a timely motion. *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). It should not be allowed "for every procedural or strategic mistake by a litigant (or his attorney)." *Id.* Here, it is clear that Garza simply wants to reap whatever benefit his codefendant received from his partially successful appeal. In addition to failing to demonstrate any grounds for relief under 28 U.S.C. § 2255, Garza has not claimed any "extraordinary circumstances" that prevented him from filing his motion within the required one-year period. Accordingly, Garza's *Motion to Vacate, Set Aside, or Correct Sentence* is denied.