

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11-cv-147 | DATE | 07/12/11 |
| CASE TITLE | United States v. Armando Garza (#19055-424) | | |

### DOCKET ENTRY TEXT

Armando Garza's *Motion to Amend Judgment* [11] is denied. See statement below.

■ [ For further details see text below.]   Docketing to mail notices.

### STATEMENT

On October 2, 2007, a jury found Armando Garza and his codefendant, Saul Sanchez, guilty of conspiracy to kidnap, pursuant to 18 U.S.C. § 1201(a)(1) and (c); attempted kidnapping, pursuant to 18 U.S.C. § 1201(a)(1) and (d); and conspiracy to retaliate against a witness, pursuant to 18 U.S.C. § 1513(e). On December 4, 2008, Garza was sentenced to concurrent terms of 120 and 121 months' imprisonment and a period of supervised release. Sanchez filed a direct appeal; Garza did not. The Seventh Circuit determined that the evidence at trial was insufficient to support Sanchez's conviction for conspiracy to retaliate against a witness. *See United States v. Sanchez*, 615 F.3d 836, 845 (7th Cir. 2010). The evidence against Garza was not discussed in that opinion.

On February 17, 2011, Garza filed an *Amended Motion to Vacate, Set Aside, or Correct Sentence*. He identified only one ground for relief:

> Movant should receive same relief as his co-defendant see United States v. Saul Alejander Sanchez, No. 08-2679 (7th Cir. August 11, 2010).
>
> The Seventh Circuit in the above-mentioned case reversed Count III which alledged [*sic*] a violation of 18 USC § 1513(e). It is believed that co-defendant Sanchez will be resentenced on or about January 18, 2011. Mavant [*sic*] seeks the same relief grantd [*sic*] to co-defendant Sanchez which is resentencing.

*See* Docket No. 7 ¶¶ 14.A-B.

Garza's motion was denied on March 17, 2011. Among other things, it was untimely. Garza now asks the Court to reconsider that decision, arguing that his claim was not available until August 11, 2010, the date on which the Seventh Circuit reversed his codefendant's conviction on Count III.

A motion brought under 28 U.S.C. § 2255 must be brought within one year of the latest of (1) the date on which the judgment of conviction becomes final, (2) the date on which a government-created impediment to making the motion is removed, (3) the date on which the right asserted was initially recognized by the

| STATEMENT |
|---|

Supreme Court, or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

    A favorable decision for a codefendant is not one of the four enumerated events recognized for purposes of computing the statute of limitations. Garza argues that his conviction became unlawful the moment his codefendant's conviction for conspiracy to retaliate against a witness was reversed. That is not the case under the current state of the law. Some courts have applied a "rule of consistency" in the past, whereby a conspiracy conviction had to be reversed for insufficient evidence if all other co-conspirators tried with the convicted defendant were acquitted. *See United States v. Crayton*, 357 F.3d 560, 564 (2004) (citation omitted). The Supreme Court, however, has expressly held that the rule no longer applies: inconsistent verdicts against alleged co-conspirators are permissible. *See id.* at 566-67.

    Thus, Garza has failed to identify any triggering event within the year prior to his filing his 2255 motion. Nor has he identified the sort of "extraordinary circumstance[] far beyond the litigant's control that prevented timely filing" such that the doctrine of equitable tolling should be applied. *See Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004). Garza offers no explanation as to why facts available to his codefendant were unavailable to him. (Garza states that he did not appeal because his attorney advised him not to, but he concedes that he waived this argument by not raising it in his 2255 motion.) For these reasons, Garza's Motion to Amend Judgment is denied.